UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

L.C. GIPSON,

    Petitioner,

v.

JOHN GILLEY, Warden,

    Respondent.

No. 6: 22-CV-206-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner L.C. Gipson is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Gipson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. DE 1. Gipson has paid the $5.00 filing fee. DE 4. Thus, the Court proceeds to initial screening, as required by 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

According to Gipson's § 2241 petition, Gipson was charged in 1993 in the United States District Court for the Northern District of Texas with one count of conspiracy to commit Hobbs Act Robbery (Count One); two counts of Hobbs Act Robbery (Counts Two and Four); three counts of using a carrying a firearm during and in relation to the commission of a crime of violence (Counts Three, Five, and Seven); and one count of attempted Hobbs Act Robbery (Count Six). DE 1-1 at 1. In June 1993, Gipson was "tried by a jury and convicted on all seven (7) counts." *Id*. In

1

October 1993, Gipson was sentenced to a term of imprisonment of 210 months on Counts One, Two, Four, and Six, all to run concurrently with each other; 60 months on Count Three, to run consecutively to the terms imposed on each of Counts One, Two, Four, and Six; 240 months on Count Five, to run consecutively to the terms imposed on each of Counts One, Two, Three, Four, and Six; and 240 months on Count Seven, to run consecutively to the terms imposed on each of Counts One, Two, Three, Four, Five, and Six; for a total term of imprisonment of 750 months. *Id*. Gipson's conviction was affirmed on appeal by the United States Court of Appeals for the Fifth Circuit. *Id.* at 2; DE 1-2 (Indictment).[1] In June 2016, Gipson filed a motion to vacate, set aside or correct his sentence in the sentencing court. *See Gipson v. United States*, No. 4:16-cv-435-O (N.D. Tex. 2016), DE 1. However, Gipson's § 2255 motion was denied as untimely. *See Gipson*, No. 4:16-cv-435-O, DE 19.

In the instant § 2241 petition, Gipson claims that, in light of the United States Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022) that attempted Hobbs Act Robbery is no longer a crime of violence for purposes of the sentencing enhancement in 18 U.S.C. § 924(c)(1)(A), it follows that he (Gipson) is "actually innocent" of his § 924(c) offense as charged in Count Seven of the indictment. Per Gipson, Count Seven depended on the attempted Hobbs Act Robbery charged in Count Six. *See* DE 1-1 at 2–3.

Because Gipson has already filed a motion under § 2255 in the sentencing court, he may not bring his *Taylor* claim in a second or successive § 2255 motion. "[S]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred

---

[1] In light of the age of Gipson's conviction, the particulars of his conviction and sentence are difficult to confirm, as many documents are not electronically available for this Court's review. Even so, Gipson's representations regarding his conviction and sentence are consistent with the limited available information. *See United States v. Gipson*, No. 4:93-cr-005-O (N.D. Tex. 1993); *United States v. Gipson*, 46 F.3d 472, 473–74 (5th Cir. 1995). Also, the Indictment filed at DE 1-2 confirms Gipson's descriptions of the charges.

2

unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, No. 21-857, --- S. Ct. --, 2023 WL 4110233, at *4 (2023). Accordingly, a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Id*. Thus, Gipson filed a § 2241 petition in this Court pursuant to the "saving clause" of 28 U.S.C. § 2255(e), on the ground that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. *See* DE 1 at 4; DE 1-1 at 3.

Prior to the Supreme Court's decision in *Jones*, several federal circuit courts (including the Sixth Circuit) allowed a federal prisoner to bring such a challenge to his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his sentence enhancement in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)) (other citation omitted).

However, in *Jones*, the Supreme Court clarified the field and held that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 2023 WL 4110233, at *7. The inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by §

2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences . . . does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at *9. Thus, just as a federal prisoner may not rely on a favorable change of statutory law to file a second or successive § 2255 motion, neither may he raise such a claim in a § 2241 petition on the ground that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention. *See id*. at *7.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e), which is the exact claim that Gipson seeks to pursue here. The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *See Taylor v. Owens*, 990 F.3d at 499–500. Because, under *Jones*, it is clear that Gipson is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** DE 1, Gipson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, for lack of subject-matter jurisdiction;

2. The Court **DIRECTS** the Clerk to strike this matter from the Court's active docket; and

3. A corresponding Judgment will be entered this date.

This the 6th day of July, 2023.



Signed By:
*Robert E. Wier*
**United States District Judge**